### MARTIN v. JENNINGS, CLERK.

1. NEW PROMISE.—A letter written after suit brought cannot be used to prove an alleged new promise to pay the debt sued on.
2. APPEAL.—Testimony cannot be sustained on a ground presented to this Court and not to Court below.
3. EVIDENCE—TRANSACTIONS WITH DECEDENT.—An heir at law, codefendant with an administrator, in a suit on debt of intestate, may testify as to conversations between her and the deceased, and as to contents of letter from plaintiff to deceased.
4. DISCRETION—APPEAL—EVIDENCE.—Much must be left to the discretion of the trial Judge as to the relevancy of testimony, and his conclusions thereon is not reversible error, unless it appear that the party complaining has sustained injury by an abuse of discretion.
5. REPLY—TRANSACTIONS WITH DECEDENT.—Plaintiff allowed full opportunity to reply to testimony as to communications with deceaesd.
6. CHARGE—APPEAL.—An inaccurate statement by Judge in his charge, as to issues raised by pleadings, is not reversible error.
7. HUSBAND AND WIFE—GIFT—PRESUMPTION—JURIES.—Whether the wife intended the rents and profits of her lands as a gift to the husband, by her acts in permitting him to collect and retain them without accounting, is a question for the jury, and not a presumption of law.
8. NEW TRIALS.—A Judge only commits error of law in refusing to set aside a verdict, when there is *no* evidence to support it.

Before BUCHANAN, J., Fairfield, February, 1897. Affirmed.

Action by Stark P. Martin *v.* R. H. Jennings, clerk of court, as administrator of Mattie Gaither, and Sallie G. Martin, as her heir at law. Judgment for defendants. Plaintiff appeals.

*Mr. J. E. McDonald,* for appellant, cites: *Transactions*

*with decedents:* 30 S. C., 288; 33 S. C., 310; 35 S. C., 213; 41 S. C., 129; 38 S. C., 166. *Heir at law, defendant, cannot testify as to communication with deceased:* 11 S. C., 449; 30 S. C., 288. *Evidence as to pecuniary condition of plaintiff inadmissible:* 24 S. C., 150. *Letters written after suit are admissions, and should have been admitted:* 15 Penn. St., 242; 5 Miss., 90; 1 Mill. Con. R., 300. *Under certain circumstances, law will presume gift from wife to husband:* 2 S. C., 136; 6 S. C., 240; 24 S. C., 281; 42 Wis., 548; 11 Md., 415; 50 Penn., 204, 382; 24 S. C., 277; 53 Pa. St., 289. *If trial Judge err as a matter 'of law in refusing a new trial, this Court will reverse him:* 14 S. C., 432; 16 S. C., 13; 19 S. C., 491; 31 S. C., 138; 45 S. C., 490, 90.

*Messrs. A. S.‵ & W. D. Douglass,* contra; the former cites: *Letter written after suit brought cannot be received as new promise:* 14 S. C., 434; 17 S. C., 123; 48 S. C., 590; 47 S. C., 430; 27 S. C., 323; 16 S. C., 198. *Testimony on matter eliminated, not relevant:* 36 S. C., 214. *Testimony cannot be sustained here on a different ground than that urged on trial:* 47 S. C., 492; 41 S. C., 118; 8 L. R. A., 608; 46 S. C., 77; 158 U. S., 335. *Heir at law, defendant with administrator, can testify as to communications with deceased:* 47 S. C., 492; 16 S. C., 402; 9 S. C., 279. *Incompetent testimony received without objection, competent:* 3 S. C., 512; 14 S. C., 508; 24 S. C., 592; 17 S. C., 578; 38 N. Y., 484; 3 S. C., 448, 512; 7 S. C., 299. *Evidence as to pecuniary condition of plaintiff admissible:* 3 S. C., 512; 35 S. C., 546; 8 L. R. A., 610; 22 S. C., 46. *Relevancy of testimony largely for trial Judge:* 35 S. C., 549; 43 S. C., 99; 17 S. C., 134. *Testimony by heir at law as to one transaction with decedent does not open door for evidence in reply as to others:* Code, 400; 142 N. Y., 140. *Misstatement by Circuit Judge as to issues raised by pleadings, immaterial:* 41 S. C., 190; 21 S. C., 596; 35 S. C., 459; 14 S. C., 627; 34 S. C., 235; 42 S. C., 474. *Whole charge must be considered on exceptions:* 37 S. C., 343; 42 S. C.,

175; 35 S. C., 272; 47 S. C., 74; 42 S. C., 473. *Whether there was a gift from wife to husband is a question for jury:* 24 S. C., 273. *Counsel will not be relieved here if they acquiesce in errors below:* 48 S. C., 257; 37 S. C., 251. *Affirmative defense must be specially pleaded:* 50 S. C., 184; 15 S. C., 95. *No presumption of law that wife gives husband her rents:* 6 S. C., 239; Rev. Stat., 2165; 31 S. C., 436; 34 N. Y., 293; 131 U. S., 238; 11 S. E. R., 655. *Refusal to grant new trial will not be reviewed here, except for error of law:* 23 S. C., 226; 39 S. C., 33; 26 S. C., 104; 38 S. C., 216; 40 S. C., 89; 42 S. C., 471; 36 S. C., 587; 24 S. C., 593.

April 19, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was commenced January 15th, 1896, against the administrator and sole heir at law of Mattie Gaither, deceased, to recover on two notes, one dated November 21st, 1888, payable one day after date, for $450, with interest; the other, dated January 9th, 1893, payable one day after date, for $235.39, with interest at eight per cent. per annum; and also on an open account for cash, goods, supplies and merchandise alleged to have been furnished by plaintiff to said Mattie Gaither, at her request, in her lifetime, between January 1st, 1893, and December 31st, 1893, amounting to $113.35, and also for compensation for plaintiff's time and attention in the supervision of the farms of said Mattie Gaither, amounting to $62.50; for all of which, less a credit of $52.29 on said open accounts, judgment was demanded. Hattie Gaither died May 20th, 1893, leaving as her sole heir at law the defendant, Sallie G. Martin, who is the wife of plaintiff, who was in possession of the real estate and the small amount of personalty of which Mattie Gaither died seized and possessed, when the action was commenced. The defendant, Jennings, qualified as administrator of Mattie Gaither, September 27, 1895.

As to the $450 note above mentioned, the complaint alleged, "That after the death of the said Mattie Gaither, the

defendant, Sallie G. Martin, the heir at law aforesaid, in writing, promised to pay to the plaintiff the said note and sum of money aforesaid." The administrator answered, denying the allegations as to the three causes of action, pleading no assets coming into his hands as administrator, and the statute of limitations as to the $450 note.

The defendant, Sallie G. Martin, answered, pleading payment as to the $450 note, denying that she had promised in writing to pay said note, and pleading the statute of limitations to the action thereon. As to the second note, she plead payment by proceeds of rent paid to plaintiff by tenants of the defendant's plantation, her separate estate, and also by proceeds of rents and profits of the one-horse farm on the plantation of Mattie Gaither, deceased, for the years 1893, 1894, and 1895. As to the open account sued on, she plead general denial and payment. As to all the causes of action, she plead as counter-claims the reception of rents by plaintiff of her separate estate, and from farm lands of Mattie Gaither descended to her, for years 1893, 1894, and 1895.

The jury rendered a verdict in favor of the defendant; motion for a new trial was made and refused, and now plaintiff appeals, alleging error in the rulings of the Circuit Judge as to the exclusion, and as to the admission of certain testimony, in his charge and refusal to charge certain matters to the jury, and in refusing the motion for a new trial.

1. The first exception alleges error in refusing to allow plaintiff to introduce in evidence a letter from the defendant, Sallie G. Martin, to the plaintiff, inasmuch as said letter (1) tended to contradict the answer of the said defendant, wherein she alleged that plaintiff had received and appropriated the rents and profits of the lands occupied by him, and (2) it was relevant to show that defendant had recognized the validity of the notes held by plaintiff against Mattie Gaither, and had therein promised to pay the same. The record shows that plaintiff's counsel

offered this letter "for the purpose of showing that Mrs. S. G. Martin recognized the debts." It was admitted that the letter was written after the commencement of the action. The Circuit Judge excluded the letter, for the reason that, having been written after suit brought, it could not be used to make good the cause of action stated in the complaint. The Circuit Judge did not err in this ruling. The complaint was framed to meet a plea of the statute of limitations to the note dated November 1, 1888, payable one day thereafter, and so it alleged a promise in writing by the defendant to pay this note, made after the death of Mattie Gaither, May 26, 1893. Under this view, the new promise in writing was the cause of action, and must necessarily exist before the commencement of the action. *Moon* v. *Johnson*, 14 S. C., 436. *Milwee* v. *Jay*, 47 S. C., 430. It turned out, however, in the further progress of the case, that the administrator of Mattie Gaither did not qualify until September 27, 1895. The action was not barred on this note at the death of Mattie Gaither, and the suit was commenced before the expiration of twelve months from the qualification of the administrator, hence the matter of the statute of limitations was entirely eliminated from the case. Therefore, even if the Circuit Judge had erred in excluding the letter for the purpose for which it was offered, the ruling did not prejudice plaintiff. But further, this, so far as defendant, Sallie G. Martin, is concerned, is an action against the heir for the debt of the ancestor, on account of real estate described. In such case there is no necessity to allege or prove any special promise or agreement on the part of the heir to pay the debt of the ancestor. The obligation of the heir to pay such debt, to the extent of the property of the ancestor in the heir's possession, does not rest in any contract of the heir, but upon the heir's possession of property liable for the payment of the debt. *Lowry* v. *Jackson*, 27 S. C., 323. Appellant now urges upon this Court that the letter ought not to have been excluded, because it was relevant as tending

to contradict the answer of defendant alleging that plaintiff received and appropriated certain rents, &c.   But this ground was not presented before nor considered by the Circuit Court.   Having shown that the letter was not improperly excluded, when offered for a specific purpose, this Court will not consider whether it should have been admitted for another purpose, suggested for the first time in this Court, for the same reason that a party objecting to the admission of testimony, on a particular ground, cannot be permitted in this Court to allege error in the admission of such testimony on a different ground.   *Electric Co.* v. *Blacksburg &c. Co.*, 46 S. C., 77.

2. It is excepted that there was error in allowing Sallie G. Martin to testify as to the contents of an alleged letter from plaintiff to Mattie Gaither, and to conversations between defendant and Mattie Gaither, deceased, in regard to a receipt alleged to have been given for the note for $450, when said testimony was incompetent under sec. 400 of the Code of Civil Procedure.   Judge Benét, acting Associate Justice, speaking for the Court in *Norris* v. *Clinkscales*, 47 S. C., 492, has made a clear analysis of this intricate section of the Code, to which we refer now without repeating the same.   Assuming, now, that Sallie G. Martin was allowed to testify as to a conversation between her and Mattie Gaither, deceased, while it is true she, Sallie G. Martin, the witness, was a party to the case, and had an interest to be affected by the event of the trial, and while it is true that such conversation, if had, was with a person who was dead at the time of the trial, yet such testimony was not against a party prosecuting or defending the action, as executor, administrator, &c., of such deceased person.   Hence such testimony was not obnoxious to section 400 of the Code.   So far as her testimony related to the contents of the letter written by plaintiff to Mattie Gaither, which the witness had seen, it did not relate to any transaction or communication between the witness and the deceased, and so was not obnoxious to said section.   But the record does not furnish a

basis for appellant's second exception. We find the following at the folios cited: "Q. Well, now, state any information or testimony you may be able to give in reference to the payment of this note or any receipt given against it? (Plaintiff's counsel objects. Defendant's counsel: I have to prove the existence of the paper, then the loss, and then the contents. The Court: Go on.) A. She gave the $450 note, and in 1891 her house was burned, and in February he sent her a receipt for the note, telling her that he couldn't find the note, but that he sent her a receipt for it. I didn't see the receipt, but I saw the letter. (Plaintiff's counsel: We object, your Honor. The Court: Yes, sir, she can't say that. She said she didn't see the receipt; she can't testify as to that, but she can testify as to what was in the letter.)" The only ruling, therefore, of the Circuit Judge was as to the right of Sallie G. Martin to testify as to the contents of a letter written by plaintiff to Mattie Gaither, then deceased. This, we have shown, was free from error, due proof having been made as to loss of and search for the same.

3. Error is alleged in allowing defendant, Sallie G. Martin, to testify as to the amount of property plaintiff had at the time of their marriage, and as to the sources of his income, and his financial condition since that time, as said testimony was irrelevant, and had a tendency to prejudice the plaintiff in the minds of the jury. Some of this testimony came out, without objection on the part of plaintiff's counsel, and was, therefore, competent; but, waiving this, much must be left to the discretion of the trial Judge in determining the relevancy of testimony, and his conclusion thereon is not reversible error, unless it appear that the party complaining has sustained injury by an abuse of such discretion. *Brice* v. *Miller*, 35 S. C., 537. Having examined the record, we are unable to see how such testimony could have affected the issues before the jury.

4. It is excepted that the Circuit Judge erred in refusing to allow the plaintiff to answer the following question: "Q. What did this envelope (exhibit K) contain besides this let-

ter?" when such question was competent, under section 400
of the Code (Sallie G. Martin having been previously
allowed to testify as to transactions and communica-
tions between herself and the said Mattie Gaither,
deceased), and was, moreover, asked for the purpose of elicit-
ing testimony strictly in reply to the testimony of Mrs.
Martin, as to giving of the alleged receipt for the note for
$450.   Appellant's counsel, in his argument, states in refer-
ence to this matter that "it was desired by the plaintiff to
show that the registered envelope, exhibit K, contained the
note in question."   The case shows the following bearing
upon this question: Stark P. Martin, called in reply, testi-
fied as follows: "Q. Look at that letter and state when you
received that?   A. That is a letter from Miss Mattie Gaither.
Q. When did you receive it—what time did you receive it?
A. In December, 1888.   (Letter marked exhibit 'J.')   Q.
(Hands witness a letter.) Mr. Martin, state whether that
letter was in this registered letter—when was this letter re-
ceived (exhibit 'I')—when did you receive this letter?   A.
That was in December, 1888.   Q. Was this letter in the
envelope?   (Defendant's counsel objects to the witness tes-
tifying to any communications between Miss Gaither and
himself, under section 400 of the Code.   The Court: I think
he can testify to any communication by mail.   I think he
can say whether or not it is a fact that there was a receipt
in that letter or not.   Question withdrawn.)   Q. Was this
letter in that envelope?   (Hands witness a letter.)   A. It
came with a note enclosed in it for $217.50.   (Defendant's
counsel objects to testimony as to the note.   Objection over-
ruled.   Letter, dated December 17th, 1888, marked exhibit
'I,' and envelope, marked exhibit 'K,' offered in evidence.)"
Here, then, we see that plaintiff, over defendant's objection,
was allowed to testify that exhibit "K" contained a note
for $217.50, besides the letter.   After this we find the fol-
lowing in the record: "Q. What did this envelope contain
besides this letter?   (Defendant's counsel: We object, under
section 400 of the Code.   That is certainly a transaction as

well as'a communication between the witness and the deceased. The Court: Objection is made to the question upon, the ground that it is the communication of a deceased person, under the Code, section 400. Defendant's counsel: And it is not in reply, your Honor. The Court: And for the further reason that it is not in reply to the matter brought out by a witness for the defense, nor does it refer to the same note. The Court rules, that if it be the purpose to refer to that particular matter mentioned by Mrs. Martin, she having opened the door, and having waived the right given under section 400, it would be relevant. But, it referring to a matter several years prior, should not be allowed to be introduced at this stage of the case. The Court, therefore, rules it out.) Q. What note was it, Mr. Martin, that you gave receipt to Miss Mattie Gaither for? A. The note was first given to me for $217 and some odd cents. That was in December, 1888, the month after this $450 note was give. Some time in the following January I surrendered that note of Miss Mattie Gaither's and took a new note, and added in the other moneys she had got from me, and got a note for $417 or $427. I have got a memoranda of it in the book. I surrendered the first note I took from her. It was a note for $417 and some odd cents, or $427. * * * Q. On the 30th of January, 1889, what note is that you refer to? A. That is the note I receipted Miss Mattie Gaither for. Q. What was the amount of the note? A. The amount of the note was $417 and some odd cents. Q. What is the date—what year—look at January, 1889? A. On September 30th, 1889, I have a note surrendering her note of $217.15. That $217 note was the one she enclosed to me in a registered letter in that envelope." In view of the foregoing, it is manifest that plaintiff was not prejudiced by the ruling of the Circuit Judge, and that he made good use of the opportunity afforded him of replying to the testimony of Mrs. Martin, which was considered in reference to the second exception. He was permitted to testify, and did testify, fully as to the contents of exhibit

"K." Such being the case, we need not consider whether the Circuit Judge allowed plaintiff more latitute, under section 400, than he was entitled to.

5. It is assigned as error that the Circuit Judge charged the jury: "That the note of $450 has been paid, was paid during the lifetime of Miss Gaither, and the $235 note she denies that it was ever made, &c.," when the defendant, Sallie G. Martin, had admitted the execution of said $235 note in her answer, as such statement had the effect of misleading the jury and placing a burden on the plaintiff of which he had been relieved by the admission of the said defendant. The language complained of is an extract from the portion of the Judge's charge wherein he was stating the issues raised by the pleadings. The statement was inaccurate, so far as the answer of defendant, Sallie G. Martin, related to the $238 note, but the inaccuracy was wholly immaterial and harmless. The defendant administrator, in his answer, denied knowledge or information sufficient to form a belief as to such allegation, and, therefore, the burden of proving the execution of said note was on plaintiff, unrelieved by the failure of Sallie G. Martin to deny the execution thereof. Besides, the pleadings were carried by the jury into the jury room. Such harmless inadvertency affords no ground for reversal.

6. The sixth and seventh grounds of appeal will be considered together. They are as follows: VI. For that his Honor erred in charging the jury as follows: "So, Mr. Foreman, she can tacitly agree to it, and she can expressly and directly agree to it. Well, whether she does, under a particular state of circumstances, contract directly, is a question of fact for you. The question whether she tacitly, that is to say, knowing that her husband had received property or money, or whatever it may be, knowing that she has been accustomed to acquiesce in the appropriation of that particular property, whatever may be its nature, money, personal property or anything else, to

his own use, you may infer, and you have the right to infer,
if you have evidence to support it, that there was a gift to
the husband. The law recognizes those matters—the law
recognizes inferentially that a contract may be made be-
tween husband and wife whereby her property was appro-
priated to his own use, &c. So, Mr. Foreman, you may
find there was a contract, by direct, expressed language,
where the wife gave to the husband in so many words, or
you may infer that contract;" when he should have charged
the jury that the law would *presume* a gift from the acqui-
escence of the wife in the husband's appropriation of the
property by her consent, thus making it a matter of pre-
sumption of law instead of a contract. VII. For that his
Honor erred in neglecting and failing to charge the jury,
when so requested by the plaintiff's counsel, the plaintiff's
second request to charge, which was as follows: "Where a
husband manages the real estate of his wife for a number
of years, receives the rents and profits, and appropriates
them to the use of the family or to his own use, or other-
wise disposes of them, without objection on the part of the
wife, equity will treat it as a gift from the wife to him;
and she cannot afterwards, in a suit between them, require
him to account for such rents so received and used by him.
*Charles* v. *Coker*, 2 S. C., 136; *Reeder & Davis* v. *Flinn*,
6 S. C., 220; *McLure* v. *Lancaster*, 24 S. C., 281–282."
Undoubtedly, the law is, that a gift cannot afterwards be
converted into a debt or charge against the donee, and the
Circuit Judge clearly so instructed the jury in another por-
tion of his charge. While a gift needs no consideration to
support it, still every perfected gift is an executed contract,
founded on the consent of the parties. 8 Ency. Law, 1309,
citing authorities. But there can be no gift without an in-
tent to give and receive as such, and the question of intent
is a question of fact for the jury. Taking the charge as a
whole, the question as to whether a gift from the wife to the
husband of the rents and profits of her separate estate man-
aged by him was to be inferred from the evidence, was prop-

erly and fairly submitted to the jury, and it would have been error for the Judge to have charged the jury that the law would presume a gift from the acquiescence of the wife in the husband's appropriation of the rents and profits of her separate estate. It may be, such acquiescence, under certain circumstances, especially if long continued, would warrant a jury in inferring an intent to give. In *McLure* v. *Lancaster*, 24 S. C., 273, a wife permitted her husband to manage her property, receive the profits and issues, and expend the surplus, without question, for ten years, and yet it was properly left to the jury to determine whether there was a gift to the husband of such profits and issues.

7. The eighth and ninth grounds of appeal allege error in refusing to set aside the verdict of the jury and to grant a new trial. It is well settled that the judgment of the Circuit Court in refusing a motion for a new trial in a case at law is final as to all questions of fact involved. It is only when the verdict is absolutely without any evidence whatever to support it, that the Circuit Judge commits error of law in refusing a new trial. In this case there is some evidence to sustain the verdict, hence the refusal to grant a new trial is not error of law.

The judgment of the Circuit Court is affirmed.