6750

WILSON v. MOSS, RECEIVER.

1. PARTNERSHIP—EVIDENCE.—Admission of evidence upon cross-examination of one partner as to his worth, rent of house, interest in business of himself and other partner, sustained. Because: (1) no objection was interposed when offered; (2) limits of cross-examination are within discretion of trial judge; (3) the evidence was relevant for the purpose of showing the surroundings under which partnership was formed.

2. CHARGE here that contract was beyond scope of partnership was on the facts.

3. IBID.—Statement to the effect that there is a conflict in the evidence is not a charge on the facts.

4. IBID.—Only question being the terms of partnership, instruction, if this state of facts does not exist (meaning all referred to), defendant is not liable, is not prejudicial to appellant.

5. EXCEPTION not specifying in what particular a charge is erroneous is too general.

6. NEW TRIAL.—Exceptions assigning error in refusing new trial involving issues of fact will not be considered.

7. ADMISSION OF EVIDENCE IN REPLY is largely within discretion of trial Judge and will not be disturbed unless appellant shows abuse of it.

Before GAGE, J., Orangeburg, March, 1907.    Reversed.

Action by Jane Wilson against Adam H. Moss, receiver of partnership of Mr. and Mrs. D. S. Wilson. From judgment for defendant, plaintiff appeals.

*Mr. Jas. F. Izlar,* for appellant, cites: *Evidence as to circumstances of formation of partnership not admissible:* 74 S. C., 30; 78 N. Y., 95; 52 S. C., 1. *Charge on facts:* 31 S. C., 218; 39 S. C., 23; 41 S. C., 440; 48 S. C., 136; 53 S. C., 51; 47 S. C., 488; 32 S. C., 410. *Contract within scope of partnership:* 16 S. C., 231. *Assent of partners will be presumed to a course of dealing known to them:* 31 Ark., 113; 30 S. C., 121, 285; 19 S. C., 307; 26 S. C., 415; 156 U. S., 218.

*Messrs. Raysor & Summers,* contra, cite: *Limits of cross-examination are within discretion of trial judge:* 33 S. C., 39; 52 S. C., 371. *One member of a firm can not make a contract outside scope of partnership binding on the firm:* 2 Bail., 109; 14 S. C., 16; 27 Am. R., 734; 22 Ency., 144; 28 Am. R., 75; 7 Am. St. R., 403; 1 Lindley on Part., 126; 102 N. Y., 336; 26 Am. R., 185. *Stating issues on questions raised in argument is not a charge on facts:* 55 S. C., 403; 58 S. C., 358; 57 S. C., 427; 60 S. C., 254, 477. *It is duty of husband to support wife:* 21 Ency., 1152; 15 Ency., 812, 814; 85 N. Y. App. Div., 173; 21 Cyc., 1152. *Motion for new trial properly refused:* 65 S. C., 205; 72 S. C., 43; 73 S. C., 48; 74 S. C., 89, 300; 75 S. C., 300. *Evidence in reply is discretionary:* 43 S. C., 91.

February 17, 1908.    The opinion of the Court was delivered by

Mr. Justice Gary. This is an action to recover the sum of one thousand and eighteen dollars, for services alleged to have been rendered by the plaintiff as a household servant to her brother, D. S. Wilson, and his wife, Angie C. Wilson, formerly doing business as copartners under the firm name of Mr. & Mrs. D. S. Wilson, between the first day of January, 1896, and the thirty-first day of December, 1902, as will more fully appear by reference to the case of *Wilson* v. *Wilson,* 74 S. C., 30, the record of which was introduced in evidence. The jury rendered a verdict in favor of the defendant, and the plaintiff appealed.

The first four exceptions assign error, in allowing D. S. Wilson to testify upon cross-examination as to his worth, rent of house, interest in the old partnership, and what part Mrs. Wilson contributed toward defraying the expenses of the family.

These exceptions must be overruled for the following reasons:

1. The grounds upon which the objection to the testimony were interposed were not stated.

2. The limits of a cross-examination are within the discretion of the presiding Judge, and this Court will not interfere with his rulings unless there has been an abuse of discretion, which has not been made to appear in this case. *State* v. *May,* 33 S. C., 39, 11 S. E., 440; *Martin* v. *Jennings,* 52 S. C., 371, 29 S. E., 807.

3. The testimony was relevant for the purpose of showing the surroundings under which the parties entered into the partnership.

The fifth exception is as follows: "Because his Honor erred in his charge to the jury, in holding that the contract with plaintiff was beyond the scope of the copartnership; this influenced the jury in considering the question of fact, and was clearly an expression of opinion on the facts of the case, which was their province alone." His Honor, the presiding Judge, charged certain requests presented by the defendant, the third being as

follows: "That even if the jury should find from the evidence that the plaintiff served Mr. & Mrs. D. S. Wilson as a household servant, at the request or under contract with D. S. Wilson, who was a member of the copartnership formerly existing between D. S. Wilson and Angie C. Wilson, the plaintiff can not recover from the said partnership or from the defendant, as receiver of said firm, as the contract was beyond the scope of the partnership." The presiding Judge said: "All of these I will charge you further in more specific form."

Thereafter the presiding Judge charged the jury: "If you find that the husband and wife were copartners in trade, and lived together, and gave their entire time and attention to such business, and if they kept a house in which they lived, and there boarded themselves and the clerks and employees of their business, and such house and its maintenance was necessary to and operated to promote and further their common commercial enterprise, and if the plaintiff was under such circumstances employed by one of the copartners to keep the said house, and did keep it for the common enterprise, then the copartnership is liable in law for her services."

It is true the jury had the right under this charge, to determine whether there was such a partnership as enabled D. S. Wilson to employ the plaintiff for the benefit of the firm, but the presiding Judge failed to explain his language to the effect that "the contract was beyond the scope of the partnership," which was unquestionably in violation of Article V, Section 26, of the Constitution, which provides that "Judges shall not charge juries in respect to matters of fact." The jury might reasonably have supposed, that although they had the right to determine the facts, nevertheless the presiding Judge thought "the contract was beyond the scope of the partnership." This exception is sustained.

The sixth exception is as follows: "Because his Honor erred in charging the jury as follows, that one person, who

testified, claimed that the plaintiff was employed by both copartners, while the said Mrs. Wilson testified that the plaintiff was not; this was a direct conflict between the testimony of each of the copartners, and clearly a charge upon the facts, which were for the jury, and a violation of Section 26, Article V of the Constitution of this State." This exception can not be sustained, for the reason that the presiding Judge merely stated that there was a conflict in the testimony, and this fact was not in dispute.

The seventh exception is disposed of by what was said in considering the fifth exception.

The eighth exception is as follows: "Because his Honor erred in charging the jury, as follows, after laying down a correct proposition of law: 'If this state of facts does not exist' (meaning the whole of them) 'the plaintiff is not liable.' " The only controversy was, as to the terms of the partnership, and as this question was submitted to the jury, the language of the presiding Judge was not prejudicial to the rights of the appellant.

The ninth exception can not be sustained, for the reason that it fails to specify in what particular the charge was erroneous.

The tenth, eleventh and twelfth exceptions assign error in refusing the motion for a new trial. There was testimony tending to sustain the verdict, and as they only involve questions of fact they can not be considered by this Court.

The thirteenth exception is as follows: "Because his Honor erred in admitting in reply anything not strictly in reply to the testimony not given in direct evidence." This exception is too general. Furthermore, the admissibility of testimony in reply rests largely within the discretion of the presiding Judge, which the appellant has failed to show was abused. *Sims* v. *Jones,* 43 S. C., 91, 20 S. E., 905.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.