7053

BULCKEN v. ROHDE.

NOTES—LIMITATION OF ACTIONS.—An acknowledgment in writing by two partners of a corpartnership after suit brought, after creditors are called in and after note presented to master, that the debt, then barred, is just and should be paid; entry of interest biennially on the books of the firm to the credit of the holder without his knowledge or consent that such entry was accepted as a payment, and the transfer of such entries to the note by one partner after the commencement of the suit, do not fall within the statute so as to renew the note.

MR. JUSTICE GARY *dissents*.

Before GAGE, J., Charleston, January, 1908.   Affirmed.

Action by Edward Bulcken and John Wohltman against D. Rohde, the Bank of Charleston, the Royal Bag and Yarn Manufacturing Company and Mrs. A. R. Rohde. From Circuit decree, Mrs. Rohde appeals.

*Messrs. Simons, Siegling & Capplemann* and *Legare & Holman,* for appellant. *Messrs. Legare & Holman* cite: *Acknowledgment by partners in writing saves bar of statute:* 2 Bay, 533 ; 15 Am. Dec., 209 ; 15 L. R. A., 656. *En-*

*try on books of copartnership in favor of debtor is an acknowledgment preventing the bar of the statute:* 52 L. R. A., 561.

*Messrs. Bryan & Bryan,* contra, cite : *The acknowledgment must be in writing and signed by the party to be charged:* Sec. 131, Code of Proc.; 21 S. C., 600; 38 S. C., 300; 51 S. C., 134; 52 S. C., 371; 61 S. C., 393, *and must be to the debtor:* 112 U. S., 161; 19 Ency., 316. *Retirement of firm member operates as a dissolution:* 22 Ency., 206; 112 Ill., 493; 45 Cal., 133; 5 Gill Md., 359; 113 Mich., 599; 96 Mo., 501; 38 S. W. R., 534.

November 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was commenced June 6, 1906, by plaintiffs, two of the partners of D. Rohde & Co., against D. Rohde, the other copartner, and certain creditors of said firm, for an accounting of the property of said copartnership, the appointment of a receiver, and general relief. The case was referred to the master and his report was affirmed by the Circuit Court. The question at issue is whether there was error in sustaining the plea of the statute of limitations against the claim presented by Mrs. A. R. Rohde.

The material facts are stated by the master in his report: "Among the debts presented in response to the master's call for creditors is a claim of Mrs. A. R. Rohde for the sum of $4,410, with interest from 11th December, 1905, which claim arose from money loaned to the firm of D. Rohde & Co., on January 10, 1885, and is evidenced by a note of D. Rohde & Co., of that date, to Mrs. A. R. Rohde, for $3,000, payable one day after date, with interest from date at the rate of 6 per cent. per annum. No part of the principal of this sum has been paid, and no payment of any sort for interest or otherwise has been made upon the said claim

since July 17, 1899. A ledger account with Mrs. A. R. Rohde was, however, opened upon the books of the firm, showing a balance to her credit on January 1, 1899, of $3,270. Three payments are charged against this balance, viz., July 1, 1899, $50; July 15, 1899, $50, and July 17, 1899, $20, in all $120. No further payments in cash were made, but every six months thereafter the bookkeeper of D. Rohde & Co., under the direction of the firm, charged up the sum of $90 as interest on said amount to the credit of Mrs. Rohde. Upon the original note in evidence these entries are indorsed, but the said indorsements were copied by Edward Bulcken, one of the partners, from the ledger since the commencement of this suit. Mr. Bulcken and Mr. Wohltman, two of the partners, have testified in this suit that the debt of Mrs. Rohde is a just one and should be paid, and have also filed formal statements in writing to that effect."

We think the appellant's exceptions must be overruled.

Sec. 131 of the Code of Civil Procedure is: "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby; but payment of any part of principal or interest is equivalent to a promise in writing."

The acknowledgment of the debt by two of the partners was made on March 30, 1907, after this action was commenced and after the presentation of the claim before the master and objection made that it was barred by the statute. Under the authority of *Martin* v. *Jennings,* 52 S. C., 375, 29 S. E., 807, such acknowledgments do not come within the statute.

The entries of the bookkeeper upon the ledger by the direction of the copartnership can not be construed as a writing signed by the party to be charged thereby. There was no actual signing by the party to be charged and there was no attempt or intention to deliver such writing to the

creditor.   Nor could the indorsements made on the note by one of the copartners after the commencement of this action, transferring to the note entries made on the ledger, operate to toll the statute.   It is not disputed that the last actual payment made to Mrs. Rohde on the claim or note was on July 17, 1899, more than six years before the commencement of this action.   The entries on the ledger, crediting Mrs. Rohde's account with payment of interest every six months were not shown to have been made with the knowledge and consent of Mrs. Rohde or that she, about the time of the entry, accepted such credits as payments upon the claim or note.   Hence such entries on the debtors' books cannot be treated as payments falling within the statute.

The case may seem hard, but the statute is imperative and it is our duty to enforce it.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *dissents.*