### 7921

### HARRELL v. COLUMBIA ELECTRIC STREET RAILWAY, LIGHT AND POWER CO.

1. EVIDENCE—DISCRETION.—Admission of cumulative evidence in reply is within the discretion of the trial Judge, which was not here improperly exercised.

2. CHARGE.—After a jury has been charged and sent into the room it is proper to recall them and give them an omitted instruction.

3. ELECTRIC RAILWAYS—WANTONNESS—ISSUES.—On evidence tending to show a street car was moved suddenly with a violent jerk and without warning which caused injury to a passenger, it is proper to send the issue of wantonness to the jury.

4. NEGLIGENCE—ISSUES.—The Court cannot conclusively say the cause of action based on negligence was completely overthrown by defendant's evidence as to plaintiff's negligence.

5. CONTRIBUTORY NEGLIGENCE.—To an action based on wilfulness, the defense of contributory negligence will not lie.

Before DeVORE, J., Richland, May, 1910.    Affirmed.

Action by R. E. Harrell and Mattie Harrell, his wife, against Columbia Electric Street Railway, Light and Power Company.    Defendant appeals.

*Messrs. Elliott & Herbert,* for appellant, cite: *Failure to see passenger under circumstances here is not negligence:* 28 S. E. 508; 85 S. C. 422, 457; 67 S. E. 66. *Evidence does not warrant vindictive damages:* 61 S. C. 189; 65 S. C. 330; 38 App. Div., N. Y. 207; 79 S. C. 211; 51 S. E. 570; 60 S. C. 74; 84 S. C. 484; 34 S. C. 324.

*Messrs. Weston & Aycock* and *E. J. Best,* contra, cite: *Admission of cumulative evidence is within discretion of*

7—89

*Court:* 76 S. C. 32, 542; 66 S. C. 546; 79 S. C. 120. *Issue of punitive damages properly sent to the jury:* 75 S. C. 315; 60 S. C. 49; *Berry* v. *R. R.,* 86 S. C.

May 24, 1911. The opinion of the Court was delivered by

· MR. CHIEF JUSTICE JONES. The plaintiff, Mattie Harrell, joining her husband, R. E. Harrell, in this suit, recovered of the defendant company a judgment of $5,000, for personal injuries alleged to have been sustained by her on October 30, 1907, in the city of Columbia, S. C., at the intersection of Main and Taylor streets, by being thrown from the running board of defendant's car, through the negligence and wanton conduct of defendant: (1) in failing to have the guard rail down on the west side of its car going north up Main street, at that time usually crowded because the State Fair was being held in the city; (2) in suddenly and recklessly and without warning starting said car before plaintiff had sufficient time to get into the car and be seated.

The first and second exceptions of defendant-appellant assign error in permitting the plaintiff, Mrs. Harrell, and a witness, Harry Olstein, to testify after the close of defendant's testimony, as to matters not in reply to any testimony brought out by defendant. The testimony was merely cumulative and its admission was within the discretion of the trial court, which does not appear to have been improperly exercised. *Wilson* v. *Moss,* 79 S. C. 120.

· After the jury had been charged and had retired to their room Judge DeVore discovered that he had inadvertently failed to instruct them as to punitive damages, and called the jury back and charged them on that subject. This is made the basis of the fourth exception. There was no error. On the contrary it is a proper exercise of the judicial function to cure an omission to give

proper instruction, as well as to withdraw an improper instruction as was done in *State* v. *Lightsey,* 43 S. C. 114.

The third exception alleges error in refusing defendant's request to charge that there was no evidence in the case to support a verdict for punitive damages and the fifth exception, in part, alleges error in the refusal of motion for new trial made on the same ground.

We are unable to say that there was no testimony whatever tending to show wantonness, since there was testimony that the car was moved suddenly with a violent jerk without warning while plaintiff was upon the running board of the car and before she had time to take her seat. Whether the conductor or motorman knew, or should have known, of plaintiff's exposed position at the time, whether due warning was given, or whether the sudden jerk was due to some peculiar or unpreventable action of the electric power, were matters of explanation for the jury.

The fifth exception also contends there was error in refusing new trial because the evidence showed contributory negligence of plaintiff.

After a careful reading of the testimony we cannot say that the cause of action for mere negligence was conclusively overthrown by the testimony tending to show negligence on the part of plaintiff, and as to the cause of action based on wilfulness the matter of contributory negligence is inapplicable.

The judgment of the Circuit Court is affirmed.