HAYGOOD v. BONEY.

1. CONTRACT—COUNTER-CLAIM FOR TORT.—Where a laborer contracts to take good care of his employer's stock, a counter-claim for damages for the death of a horse of the master caused by the cruel treatment of the laborer while working it, may be interposed as a counter-claim to an action by the laborer against the master for balance due for his services under such contract.

2. TRIAL JUSTICE—COUNTER-CLAIM—JURISDICTION.—In action on demand within the jurisdiction of a trial justice, such officer is without jurisdiction to pass upon a counter-claim where the sum claimed by defendant exceeds $100; but defendant may bring his counter-claim within such jurisdiction by reducing his claim to $100.

3. AMENDMENT ON APPEAL.—Case remanded, with leave to defendant to amend his counter-claim.

Before WATTS, J., Fairfield, February, 1894.

Action by G. C. Haygood against O. B. Boney.

*Messrs. Buchanan & Hanahan*, for appellant.

*Messrs. Obear & Douglass*, contra.

January 9, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The plaintiff sued the defendant in a trial justice's court to recover the sum of sixty-six and 95-100 dollars, the balance alleged to be due for services as a farm laborer during the year 1893. The defendant answered, setting up: *first*, a denial of any indebtedness to the plaintiff; *second*, that plaintiff failed to perform his contract to labor for and faithfully serve the defendant, and caused him great loss by his negligence; and *third*, by way of counter-claim, the damages alleged to have been sustained to the amount of $125, by reason of the killing of his horse, through the careless and cruel conduct of the plaintiff. The plaintiff worked the horse, in pursuance of his contract to serve the defendant as a farm laborer, and take good care of the stock until the death of said horse in June of the year 1893. At the hearing the trial justice ordered, on plaintiff's motion, that the counter-claim be stricken from the answer. The jury rendered a verdict for the plaintiff for $66.95. The defendant appealed to the Circuit Court, and the judgment was reversed and a new trial ordered.

The plaintiff appealed from the said order, and by his exceptions raises practically two questions: *first*, did the facts alleged in the answer constitute a counter-claim to plaintiff's action? *second*, did the trial justice have jurisdiction of the counter-claim when the amount claimed exceeded $100? The

defendant served notice that he would ask that the order of his honor, Judge Watts, be sustained upon the additional grounds therein set forth, showing that the judgment of the trial justice should be reversed. These additional grounds will, however, not be considered by this court, as we do not propose to set aside so much of the order of his honor, Judge Watts, as reverses the judgment of the trial justice, and grants a new trial.

Without going into a discussion of the nice distinctions in a number of the authorities, as to the judicial construction to be placed on the words, "arising out of the contract or transaction," and, "connected with the subject of the action," we are satisfied that the facts alleged in the answer constitute a counter-claim in this action. A part of plaintiff's obligation was to take good care of the stock, and to be at all times a faithful, diligent, and careful employee. The answer alleges that while working a horse under said contract he cruelly killed it. If these facts are established, we do not see how there can be any question about them, constituting a proper counter-claim in this action.

The amount, however, *claimed* in said counter-claim exceeded $100, and the trial justice was without jurisdiction. Subdivision 2, section 71, of the Code, provides that trial justices shall have jurisdiction "in actions for damages, for injury to rights pertaining to the person or the personal or real property, if the damages claimed do not exceed one hundred dollars." Subdivision 4, section 88, of the Code, provides that "the answer may contain a denial of the complaint, or any part thereof, and also a notice, in a plain and direct manner, of any facts constituting a defence or counter-claim." The manner in which a counter-claim is regarded in this State appears by the following language in the case of *Plyler* v. *Parker*, 10 S. C., 466: "The plaintiff or plaintiffs against whom the claim is set up, must be such as would be entitled to seek a several judgment against the defendant or defendants setting up the claim, and the said defendants must show a cause of action which would entitle them to a several judgment against the plaintiff or plaintiffs. For in pleading the counter-claim the defendant becomes the actor, and is governed by the same rule which

would apply were he the plaintiff in a separate action on the cause set up in the defence."

The defendant had the right to give jurisdiction to the trial justice by *claiming* in his counter-claim an amount that did not exceed one hundred dollars. It is the amount claimed that determines the question of jurisdiction. *Catawba Mills* v. *Hood*, 42 S. C., 203. The counter-claim set up in the answer herein could not have been interposed as a *set-off* under the practice prevailing in this State before the adoption of the Code. In the case of *Beckham et al* v. *Peay*, 1 Bail., 121, it is held that if the defendant in summary process have a discount which exceeds the summary jurisdiction, the court, on being satisfied of its merits, will order the plaintiff to declare in the higher jurisdiction to enable the defendant to set up his discount. Whatever may be the practice in other States, we are satisfied a trial justice has not jurisdiction where the amount set up in a counter-claim exceeds one hundred dollars.

It is the judgment of this court, that, for the reasons herein set forth, the order of the Circuit Court be affirmed, and that the case be remanded to the Circuit Court for such further proceedings as may be necessary to carry out the views herein announced, with leave to the defendant to amend his counter-claim, by claiming an amount not exceeding one hundred dollars, within twenty days after notice of the remittitur herein.