## CORLEY v. EVANS.

1. APPEAL.—Finding of fact by Circuit Judge on appeal from magistrate is binding on this Court.

2. JURISDICTION—COUNTER-CLAIM.—A MAGISTRATE cannot entertain jurisdiction of a counter-claim of $100, and defendant cannot oust magistrate of jurisdiction of cause by setting up counter-claim beyond his jurisdiction.

Before Jos. A. McCULLOUGH, special Judge, Richland, November, 1903. Affirmed.

Action by R. H. Corley against M. A. Evans in magistrate court. From Circuit order affirming judgment of magistrate, defendant appeals.

*Mr. Jno. T. Duncan,* for appellant, cites: *Magistrate should have entertained counter-claim:* 43 S. C., 63; 3 Brev., 407; Code of Proc., 71. *Counter-claim proper here:* 19

Ency., 730; Code of Proc., 170, 175, 189; 4 S. C., 48; 9 S. C., 582; 15 S. C., 458.

*Mr. Frank G. Tompkins,* contra, cites: *Counter-claim is interposed to defeat claim of plaintiff:* 19 Ency. P. & P., 766; 83 N. C., 332; 43 S. C., 63; 10 S. C., 185; 26 S. C., 506; 37 S. C., 367.

August 8, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, R. H. Corley, sued the defendant, M. A. Evans, in a magistrate's court for a balance of $74 due on a note, $5 for services rendered and $3.50 for merchandise. The defendant, answering orally, alleged, "that there was only a conditional delivery of said note and no actual delivery; denies any indebtedness, and sets up as a counter-claim the unfinished work that was taken under contract, an amount in excess of $100, to wit: one house not built, valued at $85, and in addition, statement hereto attached." The statement attached to the answer showed a balance due on the counter-claim of $119.82. The plaintiff demurred to the counter-claim on the following grounds:

"1st. That counter-claim herein set up is not a counter-claim arising out of contract set out in the cause of action.

"2d. That the counter-claim as set out herein is not a cause of action arising on a contract existing at the commencement of this action.

"3d. That counter-claim as set out herein is not in the jurisdiction of this Court, and cannot be pleaded in action of which this Court has jurisdiction."

It does not appear from the magistrate's report that he ruled on the demurrer, but the Circuit Judge, in affirming the judgment of the magistrate, says:

"The other question involved is, was the magistrate in error in holding that he had no jurisdiction of the counter-claim, which counter-claim exceeded $100, and did such

counter-claim deprive him of jurisdiction as to plaintiff's cause of action?

"The counter-claim exceeded $100. The magistrate clearly had no jurisdiction thereof. The plaintiff's claim being for less than $100, the magistrate did have jurisdiction, and the defendant could not oust the magistrate of such jurisdiction by interposing a counter-claim in excess of $100."

There are a number of exceptions, but they raise only two questions: First. Did the magistrate and Circuit Judge err in not finding the note sued on to be an accommodation paper delivered to the plaintiff conditionally? The conclusion of the Circuit Judge on this question of fact is binding on this Court. *Wolfe* v. *Ry. Co.,* 25 S. C., 380.

The second question is, Was the magistrate ousted of jurisdiction of the cause by the defendant setting up a counter-claim for more than $100? The general rule is that the jurisdiction is determined by the amount claimed by the plaintiff without reference to any defense or plea set up by the defendant. 12 Ency. P. & P., 130. In setting up a counter-claim, the defendant becomes the actor, relying on a new cause of action. In the absence of statutory regulation, when a suit is pending in a magistrate's court on a cause of action within that jurisdiction, it seems clear that the defendant cannot oust the jurisdiction by bringing a cross-suit for an amount beyond the jurisdiction of the magistrate. This condition of the law may seem in some cases to result in hardship, for an insolvent, holding a claim under $100, may recover judgment in a magistrate's court, and undertake to enforce it while owing a large sum to the defendant, but such an attempt may be met by the defendant reducing his counter-claim to an amount within the jurisdiction of the magistrate (*Haygood* v. *Boney,* 43 S. C., 63, 20 S. E., 803) ; and, it may be, relief could be obtained in a separate proceeding.

To avoid misunderstanding, it may be well to say it does not appear from the record that the magistrate considered all

items of the counter-claim, or that he considered the counter-claim at all as such, though he did allow some of the items of the counter-claim for the reason that he regarded them proper credits on the note.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.