10569

HUGHES v. BLAKELEY.

(105 S. E. 737.)

SET-OFF AND COUNTERCLAIM—DAMAGE TO FARM PROPER COUNTERCLAIM IN ACTION ON CROPPER'S CONTRACT.—In laborer's action against farm owner for an accounting and for amount due under share cropper's contract, owner's counterclaim for damages sustained by reason of laborer destroying well and damaging buildings on the farm while in possession under the contract *held* proper.

Before SEASE, J., Laurens, April term, 1920.   Reversed.

Action by Columbus Hughes against H. L. Blakeley.

This is an action on a share cropper's contract, whereby plaintiff agreed to perform labor on defendant's farm for a specified period in consideration for a share of crops grown on such farm and gathered by plaintiff.   Plaintiff alleged that defendant breached the contract and prayed for an accounting.   Defendant denied such breach, alleged that plaintiff had destroyed a well and damaged buildings on the farm while in possession thereof under the contract, and interposed a counterclaim for damages sustained.

From order striking out a portion of the counterclaim, the defendant appeals.

*Messrs. Simpson, Cooper & Babb,* for appellant, cite: *Misconduct of servant will justify discharge:* 26 Cyc. 990-2; Ann. Cas. 1916a, 1022.   *Motive of master immaterial if*

*legal ground for discharge exists:* 26 Cyc. 995 ; 140 Am. St.
Rep. 1052 ; 120 Am. St. Rep. 891.    *Servant liable to master
for negligence occasioned by negligence or misconduct:* 26
Cyc. 1023 : *Employer sued for services may set off damages
arising from misconduct of servant:* 26 Cyc. 1054; 43 S. C.
63.    *Misconduct that will warrant discharge:* 20 A. & E
Enc. Law (2d Ed.) 27 ; 204 Fed. 537.

*Mr. Phil. D. Huff,* for respondent, cites :    *Destruction of
well and buildings was a tort and he must allege in his
answer facts showing that tort is of such a nature that he
is entitled to waive it and sue in assumpsit:* 19 Enc. P. & P.
762.    *Did not grow out of the same transaction:* 20 N. Y.
281, 285 ; Pom. Rem. & Rem. Rts. (2d Ed.) 809-10 ; 72 Or.
207 ; 115 N. Y. Supp. 121 ; 33 Barb. 320-321.

*Mr. O.L. Long,* for respondent, cites : *Counterclaim:* Code
Proc. 1912, sec. 200.    *Examples:* 25 S. C. 506 ; Pom. Rem
& Rem. Rts., sec. 775 ; L. R. A. 1916c, 500, 509.

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

In this appeal the only exception is as follows :

"Because his Honor, the presiding Judge, erred, it .is
respectfully submitted, in striking out of defendant's alleged
counterclaim the words 'and left the premises of defendant
after destroying a well thereon and damaging the buildings,'
the error being that defendant was entitled to the benefit of
said allegation as a defense and counterclaim to plaintiff's
cause of action, which was one. for an accounting on a set-
tlement between landlord and laborer, and the destruction of

the building and well constituted elements of damage properly deductible from the amount, if any due, by the defendant to the plaintiff, and constituted a breach of the contract between the plaintiff and the defendant by the plaintiff."

It is only necessary to cite the case of *Haygood v. Boney,* 43 S. C. 63, 20 S. E. 803, to show that the ruling was erroneous.

Reversed.

MR. JUSTICE GAGE did not participate.