## 11177

### MANOS v. EASSY

#### (117 S. E., 222)

1. BILLS AND NOTES—ON DRAWER OF POSTDATED CHECK STOPPING PAYMENT BEFORE MATURITY, NO PRESENTMENT REQUIRED.—Where drawer of a postdated check stopped payment before maturity, under Negotiable Intruments Law, Sec. 79, no presentment for payment is required to charge drawer.

2. BILLS AND NOTES—POSTDATED CHECK HELD NEGOTIABLE INSTRUMENT.—Under Negotiable Instruments Law, Sec. 1, a postdated check of usual form and content is a negotiable instrument.

3. APPEAL AND ERROR—NO REVIEW OF FINDINGS UNLESS WHOLLY UNSUPPORTED BY EVIDENCE OR INFLUENCED BY ERROR OF LAW.—The Supreme Court has no power to review the findings of fact unless they are wholly unsupported by evidence or are manifestly influenced by an error of law.

4. BILLS AND NOTES—TESTIMONY HELD TO SUSTAIN FINDING THAT HOLDER OF POSTDATED CHECK WAS HOLDER IN DUE COURSE.—Testimony of the person cashing a postdated check before maturity that, as far as he knew, the check was all right, *held* to sustain a finding that he was a holder in due course in view of Negotiable Instruments Law, Secs. 56 and 59.

Before ANSEL, J., County Court, Greenville, April, 1922. Affirmed.

Action by J. K. Manos against S. J. Eassy. From a judgment of the County Court reversing the judgment of a Magistrate, the defendant appeals.

*Mr. H. P. Burbage,* for appellant cites: *Plaintiff should have made inquiry as to postdated check:* 39 L. R. A., 1212. *Postdated check not payable until its date:* 71 S. E., 946.

*Mr. G. P. Oxner,* for respondent, cites: *Presentment for payment unnecessary where payment had been stopped:* 28 Stat., .681, Sec. 79; L. R. A., 1916-F 826; 181 N. W., 787; 106 Fed., 65; 125 N. W., 750; 112 N. W., 552. *Postdated check is negotiable:* 187 Pa., 128; 31 N. E., 386; 71 S. E., 946; 98 S. C., 294. *Finding of fact will not be disturbed if there is any testimony to sustain it:* 110 S. C., 92; Code Proc. 1912, Sec. 407; 91 S. C., 4611.

April 10, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Appeal from a decree of Hon. M. F. Ansel, County Judge, reversing a Magistrate's judgment for the defendant in an action by plaintiff to recover upon a postdated check. The defendant, Eassy, issued his check, dated 10 days ahead, to wit: October 10, 1920, payable to the order of one Mavidone. Manos, the plaintiff, cashed the check for value. Thereupon he deposited the check with the bank upon which it was drawn on October 5th. Prior to maturity, October 10th, payment thereon was stopped by Eassy, the drawer.

The holdings, embraced in the decree of the County Judge, to which the defendant-appellant, Eassy, takes exception, are: (1) That a recovery could be had in the absence of proof of presentment of the check to the bank for payment on or after the date of maturity; (2) that the check was a negotiable instrument; and (3) that the plaintiff was in fact

an innocent holder for value without notice of fraud or other infirmity.

As to the first contention, the admitted or undisputed fact that defendant, the maker or drawer of the check, stopped payment thereon before the maturity date, relieved the holder of the obligation ordinarily imposed by law to present the check for payment when due.

"Presentment for payment is not required in order to charge the drawer where he has no right to expect or require that the drawee or acceptor will pay the instrument." Section 79, Negotiable Instruments Law (28 Stat. p. 681).

In the case of *Usher v. Tucker Co.,* 217 Mass., 441; 105 N. E., 360; L. R. A., 1916F, 826, the law applicable is thus stated:

"And under ordinary circumstances the drawer is not held until the check has been presented to the bank and payment refused and notice of the dishonor has been given to the drawer. But this rule is not applicable where by reason of the action of the drawer such a presentation is useless, as in cases where there are no funds of the drawer in the bank with which to pay the check. * * * And a *fortiori* where the bank is forbidden by the drawer to pay."

As to the second point, the check, which was of the usual form and content, was correctly held to be a negotiable instrument. 8 C. J., 53, § 61; Section 1, Negotiable Instruments Law (28 Stat., 668).

The third point (exceptions 3, 4, 5, and 6), directed to the contention that the County Judge erred in holding that the plaintiff, Manos, was an innocent holder of the check in due course of business, involves what are essentially findings of fact which this Court has no power to review, unless such findings were wholly unsupported by evidence or were manifestly influenced or controlled by error of law. *Truluck v. A. C. L. R. Co.,* 110 S. C., 92; 96 S. E., 254. *Loveless v. Gilliam,* 70 S. C., 391; 50 S. E., 9. *Corley v. Evans,* 69 S. C., 522; 48 S. E., 459. Even if the evidence

adduced by the defendant was sufficient to rebut the *prima facie* presumption that the plaintiff was the *bona fide* holder of the check in due course (8 C. J., 893, § 1291, and Section 59, Negotiable Instruments Law), there was evidence tending directly to establish that the plaintiff became a holder in due course without notice of any defect in title of the payee who negotiated the instrument. Manos testified directly to the point that, as far as he knew, "the check was all right." Hence there was ample evidentiary basis for the finding that Manos did not have actual notice of any infirmity in the paper or "knowledge of such facts that his action in taking the instrument amounted to bad faith." Section 56, Negotiable Instruments Law (28 Stat., 677). *Bank v. Stackhouse,* 91 S. C., 461; 74 S. E., 977; 40 L. R. A. (N. S.), 454. It follows that error of law may not be imputed to Judge Ansel in so finding the facts.

The exceptions are overruled, and the judgment of the County Court is affirmed.