## 12039

### SMITH v. WILLIAMSTON MILLS

#### (134 S. E., 145)

1. LANDLORD AND TENANT.—Palintiff's testimony that cotton was grown on land furnished by him under share-crop agreement *held* to show such interest in him as to warrant denial of nonsuit in claim and delivery action against purchaser from cropper.

2. LANDLORD AND TENANT.—That lands furnished to share-cropper by plaintiff in claim and delivery action belonged to latter's wife *held* not to affect his rights under contract.

3. LANDLORD AND TENANT.—One furnishing lands and contracting with another to crop on shares, as a matter of law, has title to crop and is entitled to its possession.

4. WITNESSES—REFUSAL TO PERMIT CROSS-EXAMINATION OF PLAINTIFF REGARDING OTHER LITIGATION WITH SHARE-CROPPER HELD NOT ERROR.—In claim and delivery for possession of cotton purchased from share-cropper, refusal to permit cross-examination of plaintiff regarding other litigation between him and share-cropper for purpose of showing why there had been no settlement between them *held* not error.

5. APPEAL AND ERROR.—Exclusion of evidence incompetent for purpose offered cannot on appeal be held error on ground that it was otherwise admissible.

6. WITNESSES—REFUSAL TO PERMIT CROSS-EXAMINATION OF PLAINTIFF AFFECTING LIENS ON SHARE OF CROP PURCHASED BY DEFENDANT HELD NOT ERROR.—In claim and delivery action for possession of cotton purchased from share-cropper, refusal to permit cross-examination of plaintiff regarding liens on crop *held* not error, particularly where mortgage showing lien was later admitted.

Before SHIPP, J., Anderson, fall term, 1925. Affirmed.

Action by W. W. Smith against Williamston Mills. Judgment for plaintiff, and defendant appeals.

*Mr. Thomas Allen*, for appellant, cites: *Plaintiff required to prove his right to possession of goods claimed at commencement of action:* 82 S. C., 196; 63 S. E., 891.

*Messrs. Greene & Earle*, for respondent, cite: *Motion for nonsuit properly overruled:* 123 S. C., 44.

July 20, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

An action in claim and delivery for the possession of two bales of cotton or the value of same.

The plaintiff alleged in his complaint that he was the owner and entitled to possession of two bales of cotton, of a certain grade and weight named, and that the same cotton had been delivered by one T. O. Cooper to the defendant on or about October 20, 1924; that the said property was wrongfully withheld by the defendant for the purpose of depriving the plaintiff of the said property; and that plaintiff had made demand on the defendant for its possession, but that the defendant refused to deliver same to him.

The defendant, by its answer, set up the following defenses: (1) That it did purchase two bales of cotton from the said T. O. Cooper of the weights set out in the complaint, on about October 20, 1924, but that neither at the time of the purchase nor prior thereto did the defendant have any notice that the cotton was owned or claimed by any other person than the said T. O. Cooper; (2) that at the time of the purchase of the said cotton by the defendant, it was encumbered by the way of a chatted mortgage executed by the plaintiff, and that the proceeds of the sale thereof were used to discharge the lien of the said mortgage; (3) that the cotton so purchased by the defendant was the property of the said T. O. Cooper at the time of the said purchase; and (4) that if the cotton so sold by the said T. O. Cooper was owned by the plaintiff, it was, upon information and belief, sold by the said T. O. Cooper, as agent for

the plaintiff, with the full knowledge, consent, and approval of the plaintiff.

The case came on for trial at the fall, 1925, term of the Court of Common Pleas for Anderson County. At the conclusion of the plaintiff's testimony, the defendant made a motion for a nonsuit, which was overruled. The jury rendered a verdict for the plaintiff for the possession of the cotton or its value in the sum of $217.81.

We shall consider, first, the third exception, by which the appellant imputes error to the trial Judge in not ordering a nonsuit in favor of the defendant on the ground that the plaintiff had failed to prove any property interest whatsoever in the cotton sought to be recovered, but, "on the contrary, said cotton belonged either to plaintiff's wife or members of the family of the witness, T. O. Cooper." In the preparation of this exception the appellant's counsel apparently anticipated testimony introduced at a later stage of the trial, for at the time the motion for nonsuit was made no testimony whatever had been introduced tending to show that members of Cooper's family had any interest whatever in the cotton.

The plaintiff, Smith, on his own behalf, testified that he was to get the other half of the crop; and that he (Smith) was to furnish the stock, the tools, and the land and advance to Cooper the fertilizers for growing certain crops; that Cooper was to work and gather the crop; that one-half of the entire crop was to be Cooper's after his debts were paid; that Cooper was to pay for one-half of the fertilizers before he could get any division of the crop; that Smith was to get the other half of the crop; and that he (Smith) did furnish the fertilizers and supplies according to the agreement.

The plaintiff's testimony further shows that Smith and Cooper gave a mortgage on the crop planted in accordance with this agreement to the Ware Shoals Motor Company to secure the payment of an automobile purchased by

Cooper; that Cooper sold to the defendant two bales of cotton grown under this agreement; and that the lands upon which this crop was grown belonged to Smith's wife, but that Smith managed and had entire control of them.

2     The fact that the lands upon which the crops were grown belonged to Smith's wife has no bearing upon the contract between Smith and Cooper or the status of Smith with reference to the crop grown under this contract, since the testimony shows conclusively that Smith had complete control of the lands and furnished it for growing the crop in accordance with his contract with Cooper.

Under this state of the testimony, the motion for a non-suit was very properly denied, as all the testimony tended to show that Smith was the owner of the cotton under a share crop agreement with Cooper.

3     By the fourth and fifth exceptions the appellant imputes error to the Circuit Judge in charging the jury that the only inference that could be drawn from the testimony was that there was a share-crop agreement between Smith and Cooper, and that the title to the cotton in question was in Smith, who had the legal title and the right of possession, and in charging them further that the only question for them to consider was whether Smith authorized Cooper to sell the cotton.

Under our discussion of the third exception, we have already summarized the testimony of Smith as to the contract between himself and Cooper for the growing of the crop. Cooper himself, who testified for the defendant and was the only witness other than Smith who testified as to the nature of the contract for growing the crop, on this point testified on cross-examination that he had an agreement with Smith by which Smith was to furnish land for Cooper's wife and children to work, and that they were to get half of the crop and Smith the other half. Even if it be conceded that Cooper's wife and children were interested

in, and did the work in growing these crops, this fact in no way changes the nature of Smith's interest in the crop under the contract and could in no way affect the point at issue between Smith and the defendant in this case.

Under the state of facts brought out by all the testimony, both plaintiff's and defendant's, no other conclusion could be reached than that the crop raised under this agreement was a share crop. Hence as a matter of law the title to the crop was in Smith, and he was entitled to the possession of the two bales of cotton as alleged in the complaint. *Carpenter v. Strickland,* 20 S. C., 1. *McCutchen v. Crenshaw et al.,* 40 S. C., 511; 19 S. E., 140. *Malcolm Mercantile Co. v. Britt,* 102 S. C., 499; 87 S. E., 143.

There was conflicting testimony as to whether Smith authorized Cooper to sell the two bales of cotton and, as charged by the Circuit Judge, this was really the only question to be considered by the jury. These exceptions are overruled.

By its first exception the appellant imputes error to the trial Judge in refusing to permit cross-examination of the plaintiff regarding litigation in another suit in another county between the plaintiff and T. O. Cooper, "the error being (a) that such testimony was relevant as tending to establish the contract between plaintiff and T. O. Cooper for the cultivation of the farm of plaintiff's wife for 1924, which was a material issue in the case; (b) that such questions were properly admissible for purpose of testing the veracity of the witness."

The record discloses that during the trial the appellant attempted to bring out on cross-examination of the plaintiff some testimony having to do with a suit for accounting that T. O. Cooper had brought against the plaintiff in Greenville County. The record does not show that appellant's counsel offered the testimony for either of the purposes set out in his exception, as he distinctly stated to the Court at the trial that he desired to introduce this

testimony for the purpose of showing why there had been
no settlement between the plaintiff and Cooper. On objec-
tion of plaintiff, the Court excluded the testimony, and, we
think, properly. It appears, however, that the appellant,
though the testimony offered for a specific purpose at the
trial of the case was properly excluded when so offered,
now insists that it was admissible on other grounds, which
are first mentioned in this exception on appeal. Under the
case of *Martin v. Jennings,* 52 S. C., 371; 29 S. E., 807,
these grounds of exception cannot be considered.

By its second exception the appellant imputes error
to the trial Judge in refusing to permit cross-exami-
nation of the plaintiff regarding liens on his crop
during 1924, on the ground that such questions were prop-
erly admissible for the purpose of testing the veracity of
the witness. The record does not disclose that appellant's
counsel stated to the Court the purpose for which he desired
to cross-examine the witness in reference to liens exe-
cuted by him on the crop. Moreover, the record discloses
that the Circuit Judge did not deny the appellant the right
to ask the witness what liens he had given on the crop for
the year 1924, but, no foundation for the introduction of
secondary evidence having been laid, ruled that the witness
could not state the contents of a mortgage given on the crop,
as the mortgage would be the best evidence. The counsel
for defendant then presented the mortgage, and the witness
testified he had executed it. There was no error on the
part of the Circuit Judge in his rulings, and this exception
cannot be sustained.

All exceptions are overruled, and the judgment of this
Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and BLEASE, and
MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.