## 12184

### TUCKER v. BANK OF ANDERSON

#### (137 S. E., 601)

1. APPEAL AND ERROR—GROUNDS OF OBJECTION TO ORDER OF REFERENCE NOT BEFORE CIRCUIT JUDGE MAY NOT BE CONSIDERED BY SUPREME COURT.—Grounds of objection to order of reference, stated in exceptions before Supreme Court, which were not before the Circuit Judge and were not considered by him, are not properly before Supreme Court for consideration.

2. PLEADING—COUNTERCLAIM TO FORECLOSURE ACTION ALLEGING PLAINTIFF'S NEGLIGENCE AS CONCLUSION OF LAW, AND NOT ALLEGING FACTS SHOWING INADEQUATE REMEDY AT LAW, HELD DEMURRABLE.— Counterclaim in action to foreclose mortgage alleging liability of plaintiff to defendants because of negligence as director of bank pleaded as a mere conclusion of law unsupported by allegation of fact, and failing to allege facts to support conclusion that defendants did not have adequate remedy at law, *held* subject to demurrer.

3. HOMESTEAD—HOMESTEAD CLAIM IS SUBORDINATE TO LIEN OF MORTGAGE WAIVING HOMESTEAD EXEMPTION.—Claim of homestead is subordinate to lien of mortgage waiving homestead exemption, and cannot be interposed as defense in foreclosure proceedings.

4. HOMESTEAD—HOMESTEAD CLAIM HELD SUBORDINATE TO DEED OF TRUST CONVEYING PROPERTY, WITH DIRECTIONS TO PAY MORTGAGOR'S DEBTS.—Claim of homestead is subordinate to deed of trust conveying property, and other property of mortgagor, with power of sale, and with directions that all debts of mortgagor be first paid out of the proceed and balance then ditributed.

5. PLEADING—COUNTERCLAIM IN FORECLOSURE ACTION ALLEGING PLAINTIFF'S LIABILITY FOR NEGLIGENCE AS DIRECTOR OF BANK IN CONTROLLING ESTATE, FOR WHICH BANK WAS TRUSTEE, HELD DEMURRABLE.—Counterclaim in action foreclosing mortgage alleging liability of mortgagee for negligence as director of bank in controlling affairs of estate, of which bank was acting as trustee, *held* subject to demurrer as not stating facts sufficient to constitute a counterclaim.

6. PLEADING—COUNTERCLAIM FAILING TO ALLEGE THAT IT AROSE OUT OF CONTRACT SUED ON, OR WAS CONNECTED WITH SUBJECT OF ACTION, HELD DEMURRABLE (CODE CIV. PROC. 1922, § 411).—Under Code Civ. Proc. 1922, § 411, counterclaim in foreclosure action failing to allege that it arose out of contract sued on, or was connected with subject of action, or based on any cause of action arising out of contract existing at commencement of action, *held* subject to demurrer.

Before SHIPP, J., Anderson, November, 1925. Affirmed.

Action by W. H. Tucker against the Peoples Bank of Anderson, as Trustee and as executor of the estate of Mary C. Clinkscales, deceased, and others, wherein the several defendants filed a counterclaim. From orders sustaining a demurrer to the counterclaim and granting plaintiff's motion for reference, such defendants appeal. Affirmed.

*Messrs. Martin & Blythe,* for appellants, cite: *Compulsory reference ordered by Court only when trial upon issues of fact would require examination of a long account on either side:* Sec. 593, Vol. 1, Code of 1922; 130 S. C., 132; 132 S. C., 360.

*Messrs. Hood & Hood,* for respondents, cite: *Order of reference sustained unless timely and specific valid objections made:* 132 S. C., 360; 105 S. C., 280; 101 S. C., 358; 88 S. C., 456. *Objections not made below cannot be made on appeal:* 130 S. C., 131; 34 S. C., 169; 64 S. C., 290; 27 Cyc., 1638. *Order of reference customary in S. C.:* 83 S. C., 491; 58 S. C., 459. *Properly granted:* Sec. 593 Code Civ. Proc. *Proper in an accounting between parties in trust relations:* 64 S. C., 290; 78 S. C. 169; *Appellants having asked for accounting cannot complain:* 116 S. C., 288. *Order of lower Court discretionary; will not be reviewed unless discretion abused:* 130 S. C., 131. *"Answer":* Sec. 410 Code Civ. Proc. *Each separate defense must be complete in itself:* 54 S. C., 100; 69 S. C., 317. *Allegations not controverted by denial or new matter are admitted:* Sec. 431 Code Civ. Proc.; 113 S. C., 474. *Pleadings must allege facts not conclusions:* 128 S. C., 216; 114 S. C., 48; 111 S. C., 394; 104 S. C., 311. *Counterclaim must allege facts and state a complete cause of action within itself:* 70 S. C., 89; 37 S. C., 7, 16. *Allegation cause of action within itself:* 70 S. C., 89; 37 S. C., 16. *Allegation of "negligence" is a conclusion:* 128 S. C., 216, 220. *Must do equity before seeking equity:* 83 S. C., 444. *Court of equity will not generally enjoin a suit in equity:* 32 C. J., 110; 1 Rich. Eq., 477;

133 S. E., 35. *Homestead exemption waived by mortgage and deed:* Sec. 5494 Code. *Alleged counterclaim not connected with subject of action and cannot be pleaded as counterclaim:* Sec. 411 Code Civ. Proc. *Director of corporation liable only to corporation and stockholders for negligence in performance of duty; in absence of actionable deceit not liable to creditors:* 7 C. J., 565; 82 S. C., 382; 53 S. C., 519; 48 S. C., 80; 39 S. C., 44. *Except in cases of gross negligence or wilful waste of assets, not liable even to corporation or stockholders:* 127 S. C., 266.

April 4, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action to foreclose a mortgage of real estate. The answer of the defendants, except the People's Bank of Anderson, set up a number of defenses, some of which will hereafter be referred to and discussed. These defendants also interposed a counterclaim against the plaintiff.

The demurrer of the plaintiff to certain of these defenses and the counterclaim were sustained by the Circuit Judge (Judge Shipp), who also granted the plaintiff's motion to refer the case. The defendants, except the People's Bank of Anderson, appeal from both orders of Judge Shipp.

We shall first consider the appellant's exceptions, four in number, which impute error to the Circuit Judge in granting an order of reference.

The following appears in the record:

"After the argument on the demurrer, Judge Shipp stated that he thought the case was one for reference and was ready for reference, and that he might then sign the order, and Mr. Martin, one of the appellant's counsel, stated that he thought the order of reference should not be made until after the decision on the demurrer, but did not consent."

It does not appear that the appellants, although they did not consent to the order, opposed the granting of it upon any ground other than that the order should

not be made until after the decision on the demurrer. Certainly, they did not oppose the granting of the order upon any of the grounds stated in their exceptions before this Court, and these grounds of objection were not before the Circuit Judge and were not considered by him. Hence they are not properly before this Court for consideration. See *Keese v. Parnell,* 134 S. C., 207; 132 S. E., 620. *Smith v. Williamston Mills,* 136 S. C., 9; 134 S. E., 145. *Martin v. Jennings,* 52 S. C., 371; 29 S. E., 807.

The appellants complain by their fifth exception that the Circuit Judge erred in sustaining the demurrer to their sixth defense.

Stated briefly, by this defense it is alleged that the People's Bank of Anderson had been insolvent for a number of years; that, as a trustee of the affairs of the Mary C. Clinkscales estate, it had failed in its duty and had been guilty of various acts of negligence in failing to collect and in failing to account for assets of the estate; and that the plaintiff, W. H. Tucker, was a director of said bank and had neglected his duties as such director, and as a result of such neglect was liable in a large sum of money in excess of the amount claimed by him in his complaint.

The plaintiff demurred to this defense on the ground that it did not state facts sufficient to constitute a defense in several particulars named. It is clearly evident from an examination of this alleged defense that the Circuit Judge was right in his conclusion. The allegation as to the negligence of the plaintiff is a mere conclusion of law unsupported by any allegation of fact. There are no facts alleged showing in what respect he was negligent, and how his negligence, if any, injured the appellants; and if the appellants were injured in any way by the negligent acts of the plaintiff no facts are alleged to support a conclusion that they had not an adequate remedy at law.

The appellant's sixth exception imputes error to the

Circuit Judge in sustaining the demurrer to their seventh defense. This defense is as follows:

"These defendants allege that all of the defendants other than the People's Bank are married and living with their husbands and wives, five being residents of the State of South Carolina, to wit: R. Pringle Clinkscales, Mary C. Abrams, M. Baxter Clinkscales, Lillian C. Green, and Laura C. Bolt, and they here allege and set against the plaintiff's alleged deficiency judgment their right to homestead exemptions under the laws of this State in the lands herein referred to, and the claim of homestead and personal property mentioned is made as against the old deficiency judgment and any other charge."

As we have stated, this is an action to foreclose a mortgage of real estate, given by the mother of the defendants claiming homestead in the tract of land named in the mortgage, and sought to be sold by the plaintiff under the foreclosure proceedings.

3,4    The homestead exemption was waived not only in the mortgage being foreclosed, but also in a deed of trust conveying this property and other property of the mortgagor to the People's Bank of Anderson, with power to sell and with directions that all of the debts of the mortgagor be first paid out of the proceeds, and then the balance distributed, etc. As to the mortgage debt, the homestead claim of the appellants is subordinate to the lien of the mortgage and cannot be interposed as a defense to the foreclosure proceedings; and as to any deficiency judgment that might be obtained in this suit, and as to the "old deficiency judgment," the homestead claim is subordinate to the trust deed to the bank, as this deed specifically directs the trustee to pay the debts of the mortgagor from the proceeds of sale. It appears, therefore, that the Circuit Judge was correct in sustaining the demurrer to this alleged defense.

The appellants say by their seventh exception that the Circuit Judge erred in sustaining the demurrer to their counterclaim.

The counterclaim alleges that the People's Bank of Anderson while acting as trustee of the estate of Mary C. Clinkscales, under the deed of trust, by various breaches of duty, described in general terms, caused loss and damage to the estate in various ways; and that:

"W. H. Tucker, as director of the said bank, is responsible therefor by reason of his negligence as such director in the controlling and supervision of the affairs of the said estate."

The Circuit Judge sustained the demurrer to the counterclaim, stating as the reason therefor that:

"The counterclaim does not state facts sufficient to constitute a counterclaim, and, further, such facts as are stated show that the claim, if any, is not such as can be pleaded as a counterclaim under those sections of our Code governing the pleading of counterclaim."

It appears to us that the conclusions of the Circuit Judge in sustaining the demurrer are correct.

In *Kauffman Milling Co. v. Stuckey,* 37 S. C., 7; 16 S. E., 192, the Court said:

"A counterclaim being a cross-action, in effect, it would seem that the defendant should be required to state the facts that enter in to make up such cross-action; and if he neglects to do so, it is in the power of the plaintiff to test its sufficiency by demurrer on that ground."

It is clear that the appellants have not complied with the requirements for the pleading of a counterclaim.

The allegations that the plaintiff was guilty of negligence are conclusions of law, unsupported by allegations of fact. It is not shown just wherein the plaintiff was negligent, nor in what particulars he failed in the performance of any duties he might owe to the Clinkscales trust estate as a director of the bank. Further, it does not appear that the appellants' alleged counterclaim arose out of the contract, to wit, the note and mortgage sued upon, or was connected with the subject of the action, nor that it was based on any

cause of action arising out of any other contract existing at the commencement of the action. Code 1922, § 411.

These conclusions in no way deprive the appellants of the right to bring any separate action which they might have against the People's Bank, the directors of same, or both, for any damage or loss appellants may have suffered at their hands, if they be so advised.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.