March 14, 1929. The opinion of the Court was delivered by
This is an appeal from an order of his Honor, Judge Whaley, of the County Court of Richland County, sustaining a motion by the plaintiff to strike out certain allegations of the answer and sustaining a demurrer to a counterclaim set up by the defendant Mrs. Buyck.
The facts developed appear to be as follows:
On December 1, 1920, the New York Life Insurance Company issued a policy upon the life of Jefferson E. Buyck for $3,000. The beneficiary named was his wife, the defendant Mary A. Buyck.
On December 10, 1926, the insured, Jefferson E. Buyck, made a note to the plaintiff bank for $2,267.89 payable March 10, 1927, with certain interest and attorney's fees, and put up as collateral a certain note and insurance policy in question. The collateral note provided that the collateral security was pledged "for the payment of this and any other liability or liabilities of the undersigned to the said bank, due or to become due, or which may hereafter be contracted or existing. * * * In case of sale for any cause, after deducting *Page 385 
all costs or expenses of every kind for collection, sale or delivery, the said bank may apply the residue of the proceeds of the sale or sales so made, to pay either one or more or all of the said liabilities to the said bank, whether then due or not. * * *"
On the back of the note was a guaranty by Mary A. Buyck reading thus: "In consideration of the making, at the request of the undersigned, of the loan evidenced by the within note upon the terms thereof, and of the sum of one dollar, the undersigned, jointly and severally, hereby guarantee to The National Loan Exchange Bank of Columbia its successors, endorsers or assigns, the prompt payment of the said loan when due. * * * "
On September 10, 1926, Jefferson E. Buyck and Mary A. Buyck had executed in due form an assignment of the policy to the bank, reading thus: "For value received, We being of legal age, hereby assign and transfer unto National Loan Exchange Bank, of Columbia, S.C. the Policy of Insurance known as No. 7554250, issued by the New York Life Insurance Company upon the life of Jefferson E. Buyck, of Columbia, S.C. and all dividend, benefit and advantage to be had or derived therefrom, subject to the conditions of the said Policy, the Rules and Regulations of the Company, and to any indebtedness to the New York Life Insurance Company against said Policy No. 7554250 — Assignment is given to secure any notes or indebtedness now held by said bank and signed by me, and all such notes or indebtedness which may hereafter be held by such bank until paid."
(Evidently the note of December 10th was a renewal of a note given in September.)
Prior to the making of the September note and the December renewal, the bank held as assignee a note given by Jefferson E. Buyck to the Merchants' Bank of Columbia, dated October 1, 1922, due one year after date, for $1,792.90, with certain interest and attorney's fees. On September 23, *Page 386 
1924, the bank obtained judgment upon this note against Jefferson E. Buyck for $2,129.23, which was duly entered. No part of it had been paid when the note of September, 1926, was given; it was then an outstanding liability of Jefferson E. Buyck to the bank.
Jefferson E. Buyck died in August, 1927. The bank claimed the right to apply the proceeds of the insurance policy to the outstanding judgment for $2,129.23 which it held against Jefferson E. Buyck, as well as to the note of December 10, 1926, for $2,267.89. The defendant, Mary A. Buyck, denied this claim.
Action was then begun against the insurance company by the bank upon the assigned policy. The company answered admitting its liability upon the policy for $2,600.78 ($3,000 less an admitted deduction), and asked leave to pay that amount into Court, in view of the contest between the bank and Mary A. Buyck, and be discharged. On January 13, 1928, the Court passed an order allowing the company to hold said amount subject to the further orders of the Court.
The Court is entirely satisfied with the decree of his Honor, Judge Whaley, and it is accordingly affirmed.
MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.