17550

BROTHER INTERNATIONAL CORPORATION, Plaintiff-Appellant, v. SOUTHEASTERN SALES COMPANY and George Golson, Defendants-Respondents

(109 S. E. (2d) 444)

574

Messrs. *Clarke W. McCants, Jr.,* and *J. Wesley Drawdy,* of Columbia, *for Appellant,*

*Isadore S. Bernstein, Esq.,* of Columbia, *for Respondents,*

July 6, 1959.

TAYLOR, Justice.

This appeal will be disposed of by determining whether the trial Court erred in overruling plaintiff's demurrer to defendants' counterclaim on the ground that the Court was without jurisdiction to entertain said counterclaim in that it was in excess of the jurisdictional amount fixed by statute.

The action from which this appeal stems was brought in the Court Court for Richland County to recover the sum of $2,989.05 as damages for goods sold and delivered to the corporate defendant and for judgment against the individual defendant on the ground of an alleged guaranty of the corporate indebtedness. The defendant, Southeastern Sales Co., duly answered, denying the material allegations of the complaint, and interposed a counterclaim seeking judgment of $55,000.00 damages by reason of an alleged breach of contract accompanied by malicious and fraudulent acts. The defendant, George Golson, by way of answer denied the material allegations of the complaint and as a further defense alleged that the liability had been discharged by way of novation. The defendant, Southeastern Sales Co., at the time of filing its answer and counterclaim, also filed notice of motion to have the case transferred from the Richland County Court to the Court of Common Pleas for Richland County upon the ground that damage claimed by way of counterclaim exceeded the jurisdiction of the Richland County Court. Plaintiff filed reply thereto and its demurrer on the ground that the Richland County Court was without jurisdiction to entertain such counterclaim. After Hearing thereon, the Court, in effect, overruled the demurrer by issuing its Order transferring the case to the

Court of Common Pleas for Richland County for determination of the issues raised by the pleadings; and plaintiff appeals.

A pertinent portion of Section 15-764, Code of Laws of South Carolina, 1952, which relates to the jurisdiction of the Richland County Court, appears as follows:

"Said county court shall have concurrent jurisdiction with the court of common pleas in all civil cases and special proceedings, both at law and in equity, when the amount demanded in the complaint does not exceed ten thousand dollars or when the value of the property involved does not exceed ten thousand dollars  *   *   *"

The Complaint sought damages in the sum of $2,989-.05, an amount within the jurisdictional limit of the Court. The counterclaim for $55,000.00 was beyond the jurisdictional limit of the Court. The general rule is that the question of jurisdiction is determined by the amount claimed by plaintiff without reference to any defense or plea set up by the defendant, *Corley v. Evans,* 69 S. C. 520, 48 S. E. 459; *Dupre v. Gilland,* 156 S. C. 109, 152 S. E. 873, 875; and defendant will not be permitted to interpose counterclaim for an amount exceeding the jurisdictional limit of the Court except that such may be pleaded as a defensive matter where no affirmative relief is sought. The amount in excess of the jurisdiction of the Court may be waived and judgment for an amount within the jurisdiction of the Court sought, but a set-off or counterclaim in excess of the jurisdictional amount of the Court will not be permitted to oust the Court of jurisdiction with respect to the claim asserted in the complaint where such is within the jurisdiction of the Court.

*Dupre v. Gilland, supra,* is also authority for the proposition that: "In any case where the nature of plaintiff's claim is such that defendant's affirmative matter could not properly be pleaded by way of set-off, or the amount of the set-off is beyond the jurisdiction of the Court, the judgment will not preclude defendant from bring-

ing a separate action." See also *Kirven v. Virginia-Carolina Chemical Co.,* 77 S. C. 493, 58 S. E. 424.

It is unnecessary to extend this Opinion as what this Court said in *Dupre v. Gilland, supra,* is determinative of this appeal. We are, therefore, of opinion that the Order appealed from must be reversed, the demurrer sustained, and the case remanded to the Richland County Court with defendants having ten days to further plead if they be so advised; and It Is So Ordered. Reversed and Remanded.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.